## JOSEPH DUNTON, JR. *vs.* FREEMAN REED.

When beasts are impounded under the *stat.* of 1834, *c.* 137, taken up within the inclosure of the person impounding them, they are to be restrained until the damages, and the charges for impounding and keeping them, and all fees are paid; and the expenses are but an incident to the remedy, which is based upon the damages; and where no damage is claimed, and there is no averment in the libel that damage was done, the libel cannot be sustained.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Dunton *v.* Reed.

This was a libel filed by the plaintiff, praying for a decree of forfeiture of a pair of oxen, under the *stat.* 1834, *c.* 137, concerning pounds. *Freeman Reed* appeared in defence, and put in his claim for the oxen. The libel states, that the oxen were impounded in the town pound of the town of *New-Castle,* "taken up in the enclosure of *John Somes.*" No other cause is alleged in the libel for the impounding, and there is no averment that any damages were claimed at any time, or now demanded. The same *John Somes* was then called as a witness by the plaintiff, and objected to by the defendant as interested. In the language of the exceptions, "but it not appearing, that he claimed any damages, but the contrary, he was admitted." Other objections were made to the proceedings which were not considered by this Court. The Judge of the Common Pleas instructed the jury, to return a verdict for the defendant, considering the objections made to be such, that the plaintiff could not sustain his libel. A verdict was returned for the defendant, and the plaintiff filed exceptions.

*F. Allen,* for the plaintiff, contended, that it was not necessary that the plaintiff should have claimed damages. It did appear, that the cattle were impounded, *damage feasant,* and that was sufficient. The pound keeper received them, and the defendant had less to pay to obtain his property. He had only to pay the costs of impounding. If the cattle were actually doing damage, the party injured may waive his damages, and they may be detained and sold to pay the expenses.

*Foote* was prepared to argue for the defendant, but was stopped by the Court.

The opinion of the Court was drawn up by

WESTON C. J. — By the *stat.* of 1834, *c.* 137, concerning pounds, beasts impounded and stray beasts, strays, beasts going at large, without a keeper, in the highways or commons of the town, or doing damage on improved lands, enclosed with a sufficient fence, may be impounded. If these proceedings can be sustained, it must be upon the latter ground. It is a civil remedy, to recover damage sustained, to which the party injured may resort, or to an action at his election, as is provided by the third section of that statute.

All the proceedings are remedial, for the purpose of giving an indemnity for the injury. When beasts are thus impounded, they are to be restrained, until the damages, and the charges for impounding and keeping them, and all fees are paid. The expenses are incident to the remedy, which is based upon the damages sustained. Here no damage is claimed. The very ground which justifies and upholds the remedy, is waived and abandoned. The libel does not even aver, that any damage was done. We are very clear, that as the case is presented, the libel is not sustained by the statute.

*Exceptions overruled.*