## SUPREME COURT.

### Justus Torry agt. Daniel Hadley.

It is the duty of the clerk, in adjusting costs, to tax them under the statute in force at the time the right to costs accrued.

The right to costs does not accrue on the signing and delivery of the *referees' report* to the successful party. The report does not become a decision or judgment by the court until filed with the clerk, and thus made a record of the court. ( *This is adverse to Hunt* agt. *Middlebrook, ante page* 300.)

*Niagara Special Term, June,* 1857.

MOTION for re-adjustment of costs

The issue in this action was tried before a referee. The trial commenced in February, 1857, and terminated in March following. The referees' report was signed on the 4th day of May last, and was filed at the time of entering judgment, which was on the 21st day of May. The amendments to the Code, enacted by the late legislature, took effect on the 7th day of May. On entering judgment, the plaintiff insisted that the costs to be adjusted and inserted by the clerk should be in conformity to the amended Code. The clerk, however, decided otherwise, and allowed the items before and after notice of trial, and for the trial as prescribed by the Code before the amendments took effect. The plaintiff moves for a re-adjustment.

J. A. ALLEN, *for plaintiff*.

E. F. WARREN, *for defendant*.

DAVIS, Justice. The 311th section of the Code, as amended and in force at the time of the adjustment of the costs in this action, directed the clerk to insert in the entry of judgment the items of costs allowed by § 307, *as also amended*. It was the duty of the clerk to look only to the law as it stood at the time he was called upon to act. The amended sections had superseded the former provisions, and of course the power of the

clerk to act under the superseded or repealed sections had ceased.

The items, as claimed by the plaintiff, should therefore have been allowed and inserted in the judgment. The cases seem to have settled this question very clearly for the plaintiff, although some doubt is raised upon the peculiar phraseology used by the courts.

In *The Supervisors of Onondaga* agt. *Briggs*, (3 *Denio*, 173,) JEWETT, J., says, "The right to costs is created by statute, and wholly dependent on it; and the right does not become fixed until the termination of the suit. The recovery of costs must be controlled as to items, and the rate of compensation *at the time the right to costs accrues, or at the time of taxation.*"

In this case it is insisted that the right to costs accrued on the signing and delivery of the referees' report to the successful party. I am of opinion, however, that the report of a referee, although by the Code it "stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court," (§ 272,) does not become a *decision* or *judgment* by the court until filed with the clerk, and thus made a record of the court. (*See Code*, § 267.) In this case the report was not filed until the 21st day of May. It is unnecessary, therefore, to decide what would have been the effect had the report been filed so as to become the decision or judgment of the court before the amendments to the Code took effect.

In this view the cases cited are reconcilable with each other, and all seem in point for the plaintiff. (*See Truscott* agt. *King*, 4 *How. Pr. R.* 173; 1 *Duer*, 618; 4 *Wena.* 210.)

The clerk of Chautauque county will, therefore, re-adjust the costs in this action, and allow to the plaintiff the items claimed, to wit, for proceedings before notice of trial $10, after notice $10—for trial $20.