### Bernard Clace, Tax Collector v. Arthur Fair, Sr.

[285 A.2d 705]

No. 36-71

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 7, 1971

*Thomas P. Salmon*, Bellows Falls, for Plaintiff.

*Arthur Fair, Sr., Pro se.*

**Per Curiam.** The plaintiff tax collector for the Town of Rockingham resorted to the small claims procedure in the district court to collect penalties and interest due on delinquent real estate taxes assessed against the defendant for the year 1969.

The court's findings report that the defendant paid the taxes in the amount of $192.27 on June 30, 1970. When the principal amount was paid, no claim was made for penalties and interest.

The taxes became due on December 1, 1969. By statute, the tax collector is allowed to tax and collect from a taxpayer, a commission of eight per cent on taxes collected ninety days after the due date. 32 V.S.A. § 1674(2). At the annual meeting of the Town of Rockingham in 1969, the Town voted to authorize the plaintiff to collect interest on overdue taxes at the rate of 1½% per month. This action was instituted to collect penalties and interest in the amount of $22.16.

Prior to 1933, there was no statute which authorized the tax collector of a municipality to institute an action to collect delinquent taxes in his own name. The delinquent tax and all fees accruing thereon were only collectible in an action instituted by the municipality concerned. *Town of Brattleboro* v. *Carpenter*, 104 Vt. 158, 180, 158 A. 73 (1932); G.L. § 917.

At the next session of the Legislature G.L. § 917 was amended by adding "a tax collector may institute suits as tax collector in his own name and join in one action to recover all taxes in his hands for collection against one taxpayer." (1933) No. 19, § 2. No authorization was given to the collector to recover "fees accrued thereon" as with a municipality. His authority, then and now, is confined to "taxes in his hands for collection." 32 V.S.A. § 5221.

32 V.S.A. § 5222 is of similar import. It provides:

> "Taxes imposed or assessed under the provisions of this chapter and of chapters 127 and 129 of this title and all fees accruing or accrued against the taxpayer on account of delinquency may be recovered with costs in an action brought in the name of the town or municipality within it to which such taxes are due."

Furthermore, we think it is appropriate to point out that the subject matter of the action is the delinquent tax due the municipality. Interest and penalties are only incidental. Thus, according to the general law on the subject, when payment of a delinquent tax is accepted in the amount of the tax alone, there can be no subsequent judgment for penalties and

costs. The right to collect such charges is extinguished by the payment of the tax. *Two Rivers Manufacturing Co.* v. *Beyer*, 74 Wis. 210, 42 N.W. 232, 234 (1889) ; 51 Am.Jur. *Taxation* § 979; 85 C.J.S. *Taxation* § 1031a.

*Judgment reversed. Judgment for the defendant to recover his costs.*