## Rooney Vermont Associates and Green Mountain Racing Corporation v. Town of Pownal and Ida Cameron, Tax Collector

[436 A.2d 733]

No. 284-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed September 1, 1981

*Robert H. Moyer* of *Conley & Foote,* Middlebury, for Plaintiffs.

*Clark, Lillie & Holden,* Bennington, for Defendants.

**Hill, J.** Plaintiffs, Rooney Vermont Associates and Green Mountain Racing Corporation, are owners of real and personal property in the Town of Pownal which is operated under the

name of Green Mountain Race Track. This appeal involves taxes assessed against these parties in 1979.

In that year the Town of Pownal voted to collect its taxes by the town treasurer. At the same town meeting, the treasurer and a tax collector were elected. The Town, however, did not vote to set a date for the payment of taxes at a discount pursuant to 32 V.S.A. § 4774. In such event, 32 V.S.A. § 4792 requires the town treasurer to post notices in three public places announcing the due date for taxes and to mail to each taxpayer a notice stating his particular tax rate, amount and date due, and details of the town's grand list. This statute calls for the public notice to be posted no less than thirty days nor more than ninety days before the due date for the taxes.

In attempting to comply with the provisions of § 4792, the treasurer posted notices in four public places in town setting a due date of November 4, 1979. These notices, however, were posted ninety-six days before the due date. The required personal notices were also mailed to the plaintiffs prior to ninety days from the due date.

Neither plaintiff paid its taxes prior to November 4, 1979. On November 7, 1979, the treasurer issued a warrant for the amount of taxes remaining unpaid, and delivered to the collector, on the same day, such warrant and a rate bill for the delinquent taxes. On November 9, the tax collector mailed delinquent tax notices to plaintiffs. All actions were in compliance with 32 V.S.A. § 4793.

On November 15, 1979, plaintiffs tendered checks to the treasurer for the tax in full and marked "Payment Under Protest." However, the amount did not include the eight per cent collector's fee authorized under 32 V.S.A. § 1674(2) once the town treasurer turns the matter over to the tax collector, as was the case here. The treasurer refused to accept the checks on the ground that the taxes had been turned over to the tax collector for action. The checks were then tendered to the collector, defendant Ida Cameron, who also refused the tender claiming that she was entitled to her collector's fee.

The Town had also voted to charge interest on unpaid taxes at the rate of one per cent per month, commencing December 1, 1979. That penalty is now part of the tax assessment here involved.

Plaintiffs brought an amended declaratory action requesting the Bennington Superior Court to conclude that the attempted payment of the taxes excused payment of interest and the collector's fee, and that the Town could not proceed with a tax sale of the property. They also requested the court to rule that the Town did not properly establish the fair market value of Rooney Vermont Associates' real property. It is from an adverse ruling on all these determinations that plaintiffs appeal. We affirm.

## I.

Plaintiffs' entire argument relative to interest and penalties is predicated upon the fact that the treasurer posted the notices contemplated in 32 V.S.A. § 4792 more than ninety days from the date set in the notices and that the giving of too much notice is fatal to the right to collect interest and penalty for the late payment of the taxes. They claim that the statute was created to protect the taxpayer, is mandatory in character, and, therefore, that its provisions must be strictly followed.

Cases cited by plaintiff regarding procedural variations of similar statutes are inapposite. *Thomas* v. *Leland*, 70 Vt. 223, 39 A. 1094 (1897), involved notification given too late, not too early. *Smith* v. *Stannard*, 81 Vt. 319, 70 A. 568 (1908), involved a failure to post public notices at all. In *Werking* v. *Amity Estates, Inc.*, 2 N.Y.2d 43, 137 N.E.2d 321, 155 N.Y.S.2d 633 (1956), the tax collector failed to post the required number of notices or specify the time when taxes would be collected.

■■ Plaintiffs are correct that the provisions here involved were enacted by the Legislature to protect the taxpayer. However, this is not a situation where notices were posted so far in advance that it would be unreasonable to expect someone to remember the due date for tax collection. In addition, plaintiffs presented no evidence indicating that, while the notices were posted ninety-six days before due date, they were not also still posted ninety days before due date. Further, 32 V.S.A. § 4792 does not, as plaintiffs claim, specify the time limit for mailing actual notice.

■ Our decision requiring substantial, rather than absolute, compliance with the statute, however, does not minimize other holdings involving similar issues. In *Kalakowski* v. *Town of Clarendon,* 139 Vt. 519, 522, 431 A.2d 478, 479 (1981), we demanded strict compliance with the zoning procedures, noting that zoning ordinances are in derogation of common law property rights. The case at bar does not involve a similar variation of traditional entitlements.

## II.

■■ Plaintiffs contend that the treasurer and the tax collector should have accepted the tendered checks because all taxes were included in the payment. However, the treasurer could not accept the checks because the warrant for collection had been forwarded to the tax collector and the whole responsibility for collection rested with the latter. *Town of Brookfield* v. *Bigelow,* 80 Vt. 428, 432–33, 68 A. 656 (1908). In addition, as the checks did not include the collector's fee they were insufficient tender, and defendant Ida Cameron was under no duty to accept part payment. *Villeneuve* v. *Town of Underhill,* 130 Vt. 446, 454, 296 A.2d 192 (1972). Indeed, if the checks had been accepted, there could have been no subsequent judgment for penalties and interest. *Clace* v. *Fair,* 129 Vt. 573, 574–75, 285 A.2d 705 (1971).

## III.

Plaintiff Rooney Vermont Associates challenges the trial court's ruling that it is barred from litigating the issue of whether the Town failed to establish properly the fair market value of its real property.

On August 21, 1979, after receiving the tax notice, Rooney Vermont Associates filed its taxpayer appeal pursuant to 32 V.S.A. §§ 4461 and 4467 with the Bennington County Superior Court. Rooney also filed its objections to the validity of the taxes in accordance with 32 V.S.A. § 5292. On February 11, 1980, plaintiff voluntarily discontinued its appeal.

■ On May 16, 1980, after the discontinuance of the appeal, the selectmen and the listers certified, pursuant to 32 V.S.A. § 4155, that no statutory appeal from the appraisal of the listers and no suit to recover taxes paid under protest

was then pending and endorsed their certificate to this effect upon the grand list book of the Town of Pownal. Such list then became the legal grand list of the Town, and "its validity shall not be put in issue by any party to any action in any hearing or trial in any court." 32 V.S.A. § 4157.

Plaintiff Rooney is now in effect attempting to make a collateral attack on the grand list for 1979. "Grand lists are not subject to collateral attack when, as here, no statutory appeal as provided by law has been taken from the appraisal of the listers, and no suit to recover taxes paid under protest is entered before the grand list for that year is closed." *Lewis* v. *Town of Brandon*, 132 Vt. 37, 41, 313 A.2d 673 (1973) (citations omitted).

## IV.

Defendants have instituted a cross-appeal claiming that the trial court improperly denied their motion for attorneys fees' requested under the provisions of 32 V.S.A. § 5258. That statute provides that legal assistance costs be allowed in the sale of land for taxes when authorized by the selectmen. Defendants claim that since a tax sale was authorized and attorneys' fees consequently were incurred in preparation of such sale, those fees should be reimbursed by plaintiffs. However, § 5258 only entitles a party to attorneys' fees upon occurrence of a tax sale. Consequently, defendants' claim is not ripe. The trial court ordered that the sale may go forward. If and when that event is completed, a motion for fees may be entertained.

*Affirmed.*