**Michael Westine and Vincent Gordon a/k/a W & G, Inc. v. Whitcomb, Clark & Moeser; The Town of Rockingham; Pat Boylan a/k/a A & B Associates, Inc.**

[547 A.2d 1349]

. No. 85-404

Present: **Hill, Peck, Gibson and Hayes,*  JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed May 6, 1988

*F.J. Glover, P.C.*, Ludlow, for Plaintiffs-Appellees.

*Barbara E. Cory* of *Dinse, Erdmann & Clapp*, Burlington, for Defendant-Appellant Whitcomb, Clark & Moeser.

*David F. Buckley*, Bellows Falls, for Defendant-Appellant Town of Rockingham.

---

* Justice Hayes was present for oral argument but did not participate in this decision.

*L. Raymond Massucco* and *Harland L. Miller III*, of *Kissell & Massucco*, Bellows Falls, for Defendant-Appellant Boylan.

**Hill, J.** This is an appeal by three defendants: Whitcomb, Clark and Moeser (firm), the Town of Rockingham (Town), and Pat Boylan also known as A & B Associates, Inc. (Boylan). They appeal a lower court decision ordering each of them to pay plaintiffs, Michael Westine and Susan Gordon, $39,500 in damages arising from a tax sale conducted by the Town and an attempted redemption of the property by Westine and Gordon.

On June 2, 1980, the Town's collector of taxes published a levy and notice of sale regarding property belonging to Richard J. Smith, who was not a party to the proceedings below. On July 15, 1980, defendant Boylan bought the property at a tax sale for $2,424.81, thereby creating a tax lien on the property.

On October 22, 1980, taxpayer Smith conveyed his interest in the property to plaintiffs Westine and Gordon for $9,300. Attorney Russell Clark, formerly an active partner in the defendant firm, represented plaintiffs at the closing of this sale. Clark subsequently attempted to redeem the property by tendering payment of $2,518.89 to the Town — the amount paid at the tax sale by defendant Boylan, plus interest at the rate of one percent per month.

The Town bookkeeper advised attorney Clark that a full twelve percent interest payment was needed to redeem the property and that therefore an additional amount of almost two hundred dollars would be required prior to effectuating a complete redemption of the property. The Town bookkeeper told Clark, however, that the tendered amount would be accepted as a partial payment and that if the balance were not paid, the Town would issue a deed to Boylan at the expiration of the redemption period. Mr. Clark stated that he was well aware of this situation and if the Town wanted the full 12% interest it would have to "earn its money." Clark returned to the closing and issued a title certificate to Westine and Gordon which omitted mention of a tax lien upon the property.

On October 30, 1980, the Town tax collector offered Clark's check of $2,518.89 for partial redemption to defendant Boylan, who refused it as an incomplete payment. Thereafter, the Town tax collector reoffered the check to defendant Boylan and informed him that he would receive either the balance of the tax

and interest due, or a tax deed to the property one year from the date of the tax sale. Boylan accepted the partial payment.

On December 1, 1980, plaintiffs conveyed the property to W & G, Inc., which, in turn, mortgaged the property to Vermont National Bank. Clark again issued a title certificate that did not mention the tax lien on the property. By letter on December 15, 1980, the Town tax collector reminded Clark of the outstanding balance. Clark discussed the matter with Westine, and on December 17, 1980, wrote to the Town tax collector requesting that the $2,518.89 be returned, and advising that a full payment would be made before July 15, 1981. Upon receipt of the letter, the tax collector advised Clark on the telephone that Boylan had accepted the check as partial payment and that it could not be returned to Clark. The tax collector again advised Clark that if the balance was not paid by July 15, 1981, a deed would be offered to Boylan. Clark did not advise Westine regarding this telephone conversation.

In March of 1981, attorney Clark died. As of July 15, 1981, one year from the date of the tax sale, the balance due had not been paid. On August 5, 1981, the Town issued a tax deed for the property to the tax sale purchaser, Boylan, a/k/a A & B Associates, Inc. Boylan subsequently informed plaintiffs of the transfer and, in January of 1982, plaintiffs surrendered possession of the property to Boylan.

Plaintiffs then filed suit. The trial court determined that defendant firm, through the acts of its former partner Clark, was negligent in connection with the tax sale, the redemption of the property, and the subsequent issuance of the tax deed. The trial court also found the Town of Rockingham liable for the Town's negligent handling of the whole transaction. Further, the trial court found that defendant Boylan was liable to the plaintiffs for holding wrongful title and for unjust enrichment. The trial court awarded plaintiffs damages of $39,500, the value of the property at the date of trial, against each of the defendants. This appeal ensued.

## I. *LIABILITY OF THE TOWN OF ROCKINGHAM*

■ Appellant Town claims that the trial court erred in holding that the Town's issuance of the tax deed to Boylan at the expiration of the one-year redemption period was a breach of the

Town's duty to the plaintiffs. We disagree with the trial court's analysis, and reverse as to the Town.

The trial court found that the Town's acceptance of Clark's insufficient interest payment amounted to a satisfaction of the plaintiffs' debt. Relying on *Clace* v. *Fair*, 129 Vt. 573, 285 A.2d 705 (1971), the court reasoned that the Town's acceptance of the partial payment for the full amount of interest due extinguished the Town's right to collect the outstanding balance.

The trial court's reliance on *Clace* is inappropriate given the facts of this case. In *Clace*, the court held that a tax collector who accepted the full tax payment minus penalties and interest cannot subsequently maintain an action against the taxpayer for the unpaid penalties and interest owed to the town. *Clace*, 129 Vt. at 574-75, 285 A.2d at 706. In the instant case, the Town sold the property at a tax sale to Boylan for a price which included not only delinquent taxes, collector's fees, attorney's fees and costs but also interest and penalties. Boylan paid the Town these funds, including penalties and interest, and thereafter, the Town simply became a clearing house for the redemption money plaintiffs owed Boylan. Unlike *Clace*, where the town had a statutory obligation to collect penalties and interest owed directly to the town's account, the Town here had fully satisfied its duty to collect all monies owed it. The redemption monies, including interest, were owed to Boylan, not to the Town. Once paid by the plaintiffs to the Town, they would simply be handed over to Boylan.

Other facts in the record indicate that the Town was not relinquishing its right to collect the full 12% interest payment. The Town advised Clark when he attempted to redeem the property with a partial payment that such payment did not satisfy the statutorily prescribed amount. The Town further advised him that a tax deed would be issued to Boylan if the balance was not paid prior to the expiration of the redemption period on July 15, 1981. Moreover, Clark acknowledged that he understood this warning by writing to the Town on December 17, 1980, indicating that before July 15, 1981, a check would be sent to cover the interest due. The Town's actions, as well as Clark's, were wholly inconsistent with the lower court's determination that, under *Clace*, the Town had extinguished its collection rights.

The inapplicability of the *Clace* holding to this case is further underscored by the existence of 32 V.S.A. §§ 5260 and 5261. 32

V.S.A. § 5260, Vermont's redemption statute, provides, in pertinent part:

> When the owner or mortgagee of lands sold for taxes, his representatives or assigns, within one year from the day of sale, pays or tenders to the collector who made the sale . . . the sum for which the land was sold with twelve per cent interest thereon, a deed of the land shall not be made to the purchaser . . . .

Section 5260 specifically limits a collector's authority to issue a deed to the purchaser and allows for such issuance only if the purchaser pays the requisite 12% interest. The mandatory language "shall not be made to the purchaser" provides no discretion to a collector as to whether to accept less than full payment. Section 5260 precludes a situation whereby a collector's right to collect an outstanding balance of the requisite 12% interest is extinguished by his acceptance of partial payment of that interest.

In this case, there was no dispute that a full 12% interest payment was never made. Not having received the full 12% interest from Clark or the plaintiffs, the Town was under no duty to issue the deed to the plaintiffs. See *id.* The Town did, however, owe a duty to Boylan to issue him a tax deed upon plaintiffs' failure to properly redeem the property pursuant to § 5260. That duty is set forth in 32 V.S.A. § 5261, which provides:

> When the time for redemption has passed and the land is not redeemed, the collector or his successor shall execute to the purchaser a deed, which shall convey to him a title against the person for whose tax it was sold and those claiming under him.

As of July 15, 1981, the Town had not received Clark's promised check for the outstanding interest balance of $196.90. The time for redemption having passed, the Town issued a tax deed to Boylan, the purchaser of the property at the tax sale. The mandatory language "shall execute to the purchaser a deed" entails little uncertainty as to a collector's appropriate course of action. We hold that the Town, being bound by § 5261, acted appropriately under the circumstances.

## II. *LIABILITY OF BOYLAN*

■ Appellant Boylan challenges the trial court's conclusion that he is liable for the fair market value of the property because he "obtained title to the real estate . . . at no cost whatsoever." The trial court based its conclusion upon a finding that Boylan accepted Clark's insufficient interest payment with the understanding that he would later receive either the outstanding balance or, at the end of the redemption period, title to the property. The undisputed evidence shows that Boylan did receive both title to the property and Clark's partial interest payment. The trial court found Boylan's "double retention" to be wrongful and granted plaintiffs money damages for the fair market value of the property minus Clark's partial interest payment, namely $39,306.24.

The trial court's holding that Boylan was in wrongful possession of the property can stand only if it is found that the plaintiffs made a proper redemption of the property and that the Town erroneously issued a tax deed to Boylan. Because we have determined that the Town acted properly by issuing the tax deed to Boylan, plaintiffs' claim for wrongful possession must fail. See 32 V.S.A. § 5261.

Without a proper redemption, the Town was legally bound by 32 V.S.A. § 5261 to issue a tax deed to Boylan. That deed having been validly issued on August 5, 1981, Boylan obtained rightful title to the property. See *id.* We hold that Boylan, as purchaser of the property at the tax sale, properly holds title; he must therefore return to the plaintiffs their payment of $2,518.89. Having decided this issue in favor of appellant Boylan, it is unnecessary to reach his remaining issues.

## III. *LIABILITY OF THE FIRM*

■ The appellant firm does not challenge the trial court's finding of liability but only the damages awarded. It concedes that the trial court correctly determined the measure of damages to be the fair market value of the property. However, the firm claims that the trial court erred in selecting the valuation date as January 1982, the date of plaintiffs' ouster, rather than the date of attorney Clark's negligence, namely, October to December 1980. The firm also challenges the sufficiency of the evidence to support the court's damage award of $39,500.

‍

The valuation date in a case where there is a failure of title to land due to attorney malpractice is the date on which the attorney breached his client's duty. *McClain* v. *Faraone*, 369 A.2d 1090, 1092 (Del. Super. Ct. 1977). The trial court determined that attorney Clark was negligent on four separate occasions spanning the period of October 22, 1980, to December 22, 1980. Evidence of the purchase price on October 22, 1980, was introduced. Controverted testimony existed as to the property's value at the time of ouster in January 1982, ranging from $12,000 to $39,500. However, there is no evidence of the value of the property on December 22, 1980, the date of Clark's final negligent act. Accordingly, we strike the court's damage award of $39,500, and remand for a hearing solely on the value of the property on December 22, 1980. That value shall be entered as the proper measure of damages with respect to the firm.

*The lower court's order with respect to both the Town of Rockingham and Boylan is reversed, and the damage award with respect to these two parties is stricken. Title to the property is awarded to Boylan, and Boylan is ordered to return to the plaintiffs $2,518.89 plus interest. Judgment against Whitcomb, Clark & Moeser as to the issue of liability is affirmed; the court's damage award with respect to the firm is stricken, and we remand for a hearing on the value of the property on December 22, 1980.*