*Moore v. Brighton*, No. 78-3-14 Casc (Teachout, J., June 17, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                              **CIVIL DIVISION**
**Caledonia Unit**                                              **Docket No. 78-3-14 Casc**


**DONALD MOORE**
  **Plaintiff**

**v.**

**TOWN OF BRIGHTON and**
**LUCILLE STEVENS**
  **Defendants**


### DECISION

  This matter was filed in the Small Claims Court by Plaintiff Donald Moore against Defendants Town of Brighton and Tax Collector Lucille Stevens. The events giving rise to Plaintiff's claim commenced with the tax sale of a parcel of real property by the Town of Brighton to Plaintiff, pursuant to 32 V.S.A. §§ 5251, et seq., for the purposes of satisfying the property owner's delinquent taxes. At the time of the tax sale, on March 14, 2013, the owner owed the town $11,865.56 in taxes. Plaintiff purchased the property at the tax sale for $33,000.

  When an owner's property is sold at a tax sale, the statute provides that the owner may exercise a right of redemption within one year of the day of sale. See 32 V.S.A. § 5260. To redeem, the owner must pay to the town "the sum for which the land was sold with interest thereon calculated at a rate of one percent per month or fraction thereof from the day of sale to the day of payment." *Id.* If the owner timely exercises his right of redemption, the town shall not issue a deed of the land to the purchaser but remits to the purchaser any money paid by the owner. See *id.*

  There is no dispute that the property owner attempted to exercise his right of redemption and that in January 2014, Plaintiff received two checks from the Town totaling $34,314.10. In this case, Plaintiff claims that he did not receive the proper amount and seeks judgment for a shortfall. Specifically, Plaintiff cites to 32 V.S.A. § 5260 and claims he was not paid the statutorily prescribed interest of one percent per month on the sum for which the land was sold, and alleges that if he was properly paid, he should have at least received an additional $2,315.60.

  A hearing was held on June 11, 2014. Plaintiff represented himself. Defendants were both represented by Attorney William Boyd Davies. Defendants admitted that Plaintiff was not paid interest of 1% per month on the purchase price of the property but argued that for redemption the owner was only required to pay interest on the property owner's tax obligations to the Town.

*Conclusions of Law*

"When the language of a statute is clear and unambiguous, [the court] must apply the plain meaning of the language used." *Reed v. Glynn*, 168 Vt. 504, 506 (1998). Here, the language of 32 V.S.A. § 5260 is clear and unambiguous, and its plain meaning requires the property owner to pay the purchase price with interest thereon at a rate of one percent per month. The wording of the statute leaves no room for an interpretation that the property owner must only pay interest on taxes owed. Thus, to redeem the property, the owner was obliged to pay $33,000 plus 1 % monthly interest on $33,000, and not, as Defendants claim, $33,000 plus 1% monthly interest on $11,865.56. This makes sense in that a delinquent property owner is required to make the purchaser, whose funds preserved the opportunity for redemption for the benefit of the owner, whole.

In their answer to the complaint, Defendants argue that Plaintiff "fails to consider that the statute must be considered in the context of various court cases dealing with tax sales." However, Defendants do not cite to any cases supporting their position and, indeed, applicable case law actually supports the plain meaning of the statute set forth above. See *Hogaboom v. Jenkins*, 2014 VT 11, ¶ 25 ("The tax sale itself increases the base against which interest is assessed."); *Wilson v. Alexander*, 139 Vt. 279, 280 (1981) (at the end of the one year redemption period, property owners "redeemed the property by paying the amount the plaintiff had paid for the property at the tax sale plus 12% interest, as required by the statute."); see also *Ran-Mar, Inc. v. Town of Berlin*, 2006 VT 117, ¶ 14, 181 Vt. 26 ("it is undisputed that if the taxpayer wants to redeem, it will have to pay the purchaser the purchase price plus statutory interest to make the purchaser whole.") (Dooley, J., concurring). Furthermore, the statute provides "no discretion to [Defendants] as to whether to accept less than full payment." *Westine v. Whitcomb, Clark & Moeser*, 150 Vt. 9, 12-13 (1988). In addition, the right to collect an outstanding balance of the requisite interest is not extinguished by an acceptance of partial payment of that interest. *Id.*

Accordingly, had Defendants received a redemption amount from the property owner that included the appropriate amount of interest on the property's purchase price, Defendants would be required under 32 V.S.A. § 5260 to remit that payment to Plaintiff. The evidence presented at the hearing demonstrates that Defendants have yet to receive a full redemption payment. In cases such as this, however, neither the Town nor the Tax Collector have a direct financial obligation to the purchaser. Rather, they are merely a "clearing house" for money the *owner* owes to the purchaser. See *Westine*, 150 Vt. at 12-13. The owner is not a named defendant in this action. In this case, Plaintiff seeks the shortfall amount not from the owner, but from the Town and Tax Collector, who are only the "clearing house" with no independent obligation to Plaintiff. Plaintiff is not entitled to collect any shortfall amount from these Defendants.

This is not to say that Plaintiff is without a remedy. Plaintiff may seek a money judgment against the property owner in a separate case. Alternatively, Plaintiff may seek non-monetary relief from Defendants, but not in Small Claims court. See 32 V.S.A. § 5261; see also *Westine*, 150 Vt. at 12-13 ("The Town did … owe a duty to [the purchaser] to issue him a tax deed upon [the owner's] failure to properly redeem the property pursuant to § 5260."). Small Claims Court is only for money judgments (Rule 2 of the Vermont Rules of Small Claims Procedure), and Plaintiff has no claim for a money judgment from Defendants.

Judgment is therefore entered for Defendants on the grounds that they do not have an obligation to Plaintiff for his claim. Plaintiff is not precluded from filing a civil action against Defendants for a tax deed, or filing a separate claim in Small Claims Court against the property owner for the shortfall in interest, but is not entitled to a judgment against Defendants in this case.

## JUDGMENT

For the foregoing reasons, judgment is entered for the Defendants. The complaint is *dismissed* without prejudice to file other claims as described above, and without costs .

Dated at St. Johnsbury this 17th day of June, 2014.

_____
Mary Miles Teachout
Superior Court Judge

3