CHITTENDEN,
December.
1832.

SETH WETHERBY *vs.* TIMOTHY FOSTER.

That, in a suit against a Sheriff for neglect to levy upon personal estate' such a defective setting forth of the articles and their value, as might be bad' on demurrer, is cured by a verdict for the plaintiff.

That a Sheriff is liable for the official neglect of his deputy, but not for the performance of any unofficial contract, he may make.

That the setting forth a promise of the Deputy, to take property on an execution, does not vitiate, if the other allegations are sufficient to show a neglect to take property, exposed to the execution.

That the creditor's taking back an execution from an officer, so as to prevent his completing his duty, would discharge the officer from further liability But the taking back the Execution, after the officer is liable for neglect, and causing a partial collection of his debt, has no such effect. It operates in favor of the officer.

That it is no error for the Court to refuse to charge the Jury as requested, unless there is evidence to raise such law as is requested to be given in charge.

That Potash Kettles, set in arches in the usual way for use, are liable to be levied upon and sold as personal property, But, if it were not so, the defendant's taking them, and causing them to be sold on his own execution, precludes his pretending to excuse himself by saying they were real estate.

That it is the duty of the Court, to instruct the Jury upon all the points raised on trial. But it is too late to start new points, after the charge is through.

That the cash value of property, that might have been levied upon by an officer, is the rule of damages, and not an uncertain fluctuating auction price.

This was an action on the case for the neglect of the defendant, as Sheriff of Franklin County in the levy and return of an execution. The defendant plead not guilty ; and there was a jury trial in the County Court; and exceptions were taken by the defendant, to several decisions, and Charge of the Court : all which appears in a bill of exceptions, too prolix to be inserted at length, but the' prominent parts of which are recited in the arguments of counsel and the opinion of the Court.

The jury returned a verdict for the plaintiff, and judgement was thereon rendered.

The points, raised upon these exceptions, have now been argued before this Court.

*Argument for defendant.*—1st. It is contended that the declaration is insufficient, because there is no value alleged to the property, offered to be turned out.

2d. Because the claim is founded upon a promise of Campbell, the defendants deputy, which alone will support

assumpsit against him, and cannot be a cause of action against the Sheriff.

CHITTENDEN,
December,
1832.

Wetherbee
vs.
Foster.

3d. Potash Kettles set in an arch are real estate—the Court should so charge.

4th. An officer cannot post and sell property, out of the life of an Execution.

5th. If the property, offered to be turned out, was not the property of the defendant in the execution, the officer was not obliged to take the property.

6th. An agreement of the deputy out of the line of his duty will not bind the Sheriff.

7th. It is never too late to request the Court to charge the jury, while the jury remain on their seats.

8th. The measure of damage should have been, what the property would have fetched at auction, not the actual value.

9th. If the plaintiff takes back his execution, and controlls it, the officer is exhonorated.

*Argument for plaintiff.*—The plaintiff contends, in answer to the several points, upon which the defendant requested the Court to charge the jury.

1st. That the simple fact of the plaintiff's taking back the execution from the officer, will not exhonorate the officer from a liability, which had already occurred; much less when the taking back of the execution was agreeable to the wish of the officer, and accompanied with a declaration on the part of the plaintiff; that he would hold the officer liable, as in this case.

2d. An offer on the part of the plaintiff to turn out property to the officer on an execution, with directions to post and sell it out of the life of the execution, will render the officer liable, for neglect to comply; especially, if, as in this case, the officer consented to take the property without any further act on the part of the plaintiff, and when the plaintiff and defendant's in the execution, and the officer all consented to such an arrangement. *Barnard* vs. *Stevens,* 2 Aik. R. 429; 1 Swifts Dig. 795; *Whipple* vs. *Foote,* 2 John. R. 418; 8 John. R. 20

3d. For *misfeasance* the deputy is liable as well as the Sheriff. But for *nonfeasance* the Sheriff only is liable. 1

CHITTENDEN,
December,
1832.

Wetherbee
vs.
Foster.

Aik. R. 258; 2 Aik. R. 299. Hence it must of necessity follow, that, if the other points are decided in favor of the plaintiff, this also must be; for, if the Sheriff himself would have been liable as such, for such acts as the deputy was guilty of, he clearly is liable for such misconduct in his deputy.

4th. Potash Kettles, though set in an arch in the usual way, and used for the purpose of manufacturing &c. are personal property. But if strictly fixtures, and the owners treated them as personal property, and offered to turn them out, as such, they were clearly liable to be taken on execution, for the benefit of their creditors; and the officer can have no color of excuse for not complying.

5. There was no evidence in the case, tending to show, that the property in question was not the property of the execution debtors; and indeed that was not a subject of doubt in the minds of any. The officer suggested no doubt; and required no indemnity; but caused the property to be sold for his own benefit; and the property has never been claimed as belonging to any other than the *Bawkers*, the execution debtors at that time.

6th. There was no evidence in the case, which required the Court to charge on the subject of the plaintiff's having no interest in the suit; so that even an allusion to that point would have been entirely gratuitous and impertinent.

7th. There was no evidence, or even pretensions, that the officer trespassed on the rights of a third person; but this last point seems to be added, to finish the seven wonders of the case.

HUTCHINSON, C. J.—This appears to be an action upon the case against the defendant, as Sheriff, of the county of Franklin, for neglect of his deputy to levy an execution upon personal property, which the plaintiff contends he turned out to the deputy for that purpose. There was a jury trial in the County Court upon the general issue, and a verdict for the plaintiff; and exceptions taken to the instructions, given to the jury, and the want of instruction, requested by the defendant. There was also a motion in the arrest, which was overruled, and exceptions taken to

that decision. Upon these exceptions the action has come to this Court, and been argued by counsel, and is now to be determined.

The motion in arrest is urged upon the ground of the facts in the declaration. The second count fixes no value to the property which the plaintiff says he turned out on the execution : but only avers them to be of sufficient value to satisfy the execution. The first count does not describe the articles turned out, nor name their value ; but only says he turned out upon said execution sufficient personal property to satisfy the same, with all cost.

These would be considered defects on demurrer ; surely so on a special demurrer ; but they are cured by the verdict. The jury could not have found a verdict for the plaintiff, without satisfactory evidence of specific articles, that were thus turned out to the deputy.

It is further urged, that the second count is bad in substance, because the gravamen of this count is a contract with the deputy to do an act aside from his duty, for the breach of which the Sheriff would not be liable. That part of the declaration is, " that the plaintiff, on the 13th day of January, 1829, offered to turn out to the deputy, upon said execution, three Potash Kettles, three Chaldrons and three Coolers and other property, all the property of the debtor, and sufficient in value to satisfy said execution, and all legal fees thereon ; with directions to said deputy to hold said property on said execution, and dispose of the same in the month of March then next, according to law, and satisfy said execution with the avails, unless said execution should otherwise be satisfied ; and the said deputy did then agree, that he would, on the then next day, to wit, January 7, 1829, without any further offer, or attempt on the part of the plaintiff, to turn out the same, take and hold, and dispose of the same, agreeably to said directions of the plaintiff. Yet he neglected so to do, &c." Now, if there is contained in this no charge of neglect of the deputy, the defendant is not liable for the injury. A deputy can make no contract that will render the Sheriff liable for the breach of it. He is holden for the official neglects only of his deputy. This was decided in this Court in the case of *Tomlinson* vs. *Wheeler*, in Error. See 1 Aikens R.

CHITTENDEN,
December,
1832.

Wetherbee
vs.
Foster.

194.   But we do not consider the promise to be the sub-stance of the charge in this count.   The substance of the charge is, that he neglected to levy upon, and dispose of, the property of the debtor, when it was in his power.   And what is said about his agreement is of no other conse-quence, than to operate as a waiver of any further turning out by the creditor.   Under these circumstances, the prop-erty may be considered as actually turned out by the cred-itor, agreeably to the decision in 4 Mass. R. 60, *Marshal* vs. *Homer.*

We consider the decision upon this point correct.   It appears, that the defendant's counsel requested several things in charge to the jury, which were not given.—— 1st.  The Court were requested to instruct the jury, that the plaintiff's taking back the execution after the officer had done those acts, which render him liable, it discharg-es such liability.

This request is not supported by any testimony. It ap-pears by the case, that at some period, and after the dep-uty had caused the same Kettles to be sold to satisfy some other execution, in which he had an interest, the plaintiff took back this execution, and procured an *alias*, and caused it to be levied on other property of the debtor, and thus collected about twenty dollars of his debt; but it can-not be discovered, from the case whether the execution had expired or not.   If the creditor took back the execution at such a period, that it prevented the officer from com-pleting his duty, such officer would not be liable.   But the taking out an *alias* execution, after the officer had become liable, and causing it to be levied upon other property, and thus collecting a part of the debt, could not discharge the officer.   It operates for his benefit.

The fifth and sixth heads of request, are without evi-dence to render them material.   They require a charge, that the officer would not be liable if the Kettles were not the property of the debtor, nor if the plaintiff had no in-terest in the suit.   There appears no evidence in the case to raise either of these questions.   It is not the duty of the Court to give instructions to the jury upon any abstract point, not raised by the evidence.   It would be error for the Court to instruct the jury to return a verdict for either

CHITTENDEN,
December,
1832.

Wetherbeo
vs.
Foster.

party, if they should find some particular fact, when no evidence went to the jury, tending to prove such fact.

The second request is for the Court to instruct the jury that a direction of the creditor, for the officer to take property and post it for sale at a time beyond the life of the execution, is not obligatory upon the officer. The facts in the bill of exceptions, upon which this request is predicated, are these. " The debtor, in the execution, offered to turn out, to the deputy of the defendant, some Potash Kettles, to be posted and sold on said execution to satisfy the same in March then next. This the deputy refused, because it would carry the sale befond the life of the execution. The deputy gave notice of this to the plaintiff, who directed the deputy to levy upon the Kettles, and post them, and sell them in March, according to the proposition of the debtor. He agreed, that he would do it. But he neglected to do it ; and caused the same Kettles to be levied upon, and posted and sold by virtue of another execution ; one in which he was himself interested." Now it is plain, that such a posting in January, and the sale to be made in March, by the mutual consent of the debtor and creditor, in the execution, is good and binding upon them. But the objection is, that the Sheriff is not holden for his deputy, to the creditor, who, by his consent, authorized a sale so far beyond the life of the execution. If this objection is valid, it must be because his risk is increased, by such a proceeding. The risk, to be sure, is on the deputy and his bail. But, should they be unable to bear the risk, and save the Sheriff harmless, what is the increase of risk ? If the property should be receipted, the risk would be on the receiptor. If the property was taken into actual custody, and kept with common prudence, the risk would rest on the plaintiff, by reason of his consent to the proceedings. These facts did not entitle the defendant to such a charge to the jury, as he requested.

The third point of request, as to an agreement of a deputy to do an act aside from official duty, is disposed of, while the motion in arrest was under consideration.

The fourth point of request is, that the Court would instruct the jury, that Potash Kettles, set in brick arches in a Potash, in the usual way for use, as the case shows

CHITTENDEN,
December,
1832.

Wetherbee
vs.
Foster.

these to have been, with chimnies to the arches, are real estate—and the seventh point rests on the same principle with this fourth point. These may be disposed of, by merely referring to the facts in the bill of exceptions; where it appears, that the debtor was willing to turn out the Kettles as personal property; and that the same officer caused them to sold, as personal property, on his own execution. But there is an urgent request, that we should decide, whether Kettles, thus situated, are personal estate. We entertain no doubt upon this point. If Kettles thus set, are treated as fastened to the freehold at all, it is temporary merely. They are set in the arches, and taken out; and the injury to the brick work, in taking out, is too trifling to designate them real estate while there.

The Bill of exceptions present another question, upon the right of counsel to request the Court to charge upon any definite point, after the charge is through, but while the jury remain in their place. In the case of Stanton vs. Bannister, reported in 2d of Vt. Rep. 464; it was decided, that the counsel had no right, at this period of the trial, to request the Court to charge the jury upon a new point not before noticed during the trial. It would seem to be a correct practical course, for the judge to feel himself under obligation to instruct the jury upon every point of law, litigated during the trial, and connected with the evidence adduced, whether requested so to do or not. And the party excepting to the charge, should except before the jury leave their places. But, after the Judge has committed the cause to the jury, the party, who would except to the charge, should merely say, that, he excepts to the charge upon such and such points, naming them, and excepts to the Court's not charging upon such other points as he names. This will place it in the power of the Court to correct their charge, if they conceive there is any mistake; and also remind them of any point which may have been forgotten.

In our notice of the points on which the Court were requested to give instructions to the jury, we have sanctioned all the instructions, given, except what related to the rule of damages. Upon this point the instructions were, that the jury should find the value of the property, which might

have been taken by the deputy, if that value should not exceed the balance yet due upon the plaintiff's execution, &c. The exception, urged to this is, that the auction price should have been prescribed as the rule to ascertain the value. If the deputy of the defendant had sold the property in good faith, at auction, the plaintiff could claim nothing but the avails of the auction sale. But as the defendant's deputy neglected this, and thereby failed to furnish evidence of what would be the auction value, he must not be permitted to drive the plaintiff into the uncertainty of auction price, which is unlike in different places, and at different times in the same place; which is so fluctuating, in fact as to furnish no rule whatever. In such circumstances, the defendant must be content to have the cash value assessed upon this property. This disposes of the various exceptions, taken by the defendant, and the judgement of the County Court is affirmed.

*Hunt*, for defendant.
*Wilson*, for plaintiff.