No. 15,371. .

Ross v. The State, ex rel. Perkins, Trustee.

PLEADING.—*Amended Complaint.—Answer.—Statute of Limitations.*—Where an original complaint is amended so as not to change the cause of action, an answer setting up the statute of limitations as to the amended complaint is not good unless such answer would have been available as to the original complaint.

TOWNSHIP TRUSTEE.—*Officer of Civil and School Townships.—Liable in Same Action for Both Funds.*—A township trustee is an officer of both the civil and school township, and he gives but one bond for both, and is liable in the same action for funds due both, and can not be required to set out the funds of each in separate paragraphs.

SAME.—*Conversion of Funds by.—Evidence.*—Where a township trustee, who is sued for money converted by him, offers to testify in his own behalf that he paid out a certain sum of money borrowed for the township, with which he failed to charge himself in payment of certain orders issued and outstanding at the time he entered upon his duties as trustee, such proffered testimony was properly excluded, there being no preliminary proof making such testimony proper, if admissible at all; for the law requires a trustee to make report of his proceedings accompanied with proper vouchers, and make settlements with the board of commissioners, and also to make a record of the same.

From the White Circuit Court.

*J. R. Coffroth* and *W. R. Coffroth,* for appellant.

*R. P. Davidson,* for appellee.

OLDS, J.—This action was brought by the appellee against the appellant for alleged malfeasance in office for moneys received and converted by the appellant, while trustee of York township, in Benton county, to his own use, and not paid over or accounted for at the end of his terms of office. The action was originally commenced in the Benton Circuit Court, the venue changed to the Tippecanoe Circuit Court, and from there to White Circuit Court. The appellant was made a sole defendant, and the action in the first instance was against him personally, and not based upon the bond. Afterwards a demurrer was sustained to the original paragraphs of complaint and amended, and additional para-

graphs of complaint were filed declaring upon the bond. The action, as first instituted, was for the same deficiency, and to recover for the same defalcations and conversions of money, based upon the same breaches of duty, and contained such averments as would have been necessary to a recovery upon the bond, but no copy of the bond was set out, and it was not a declaration upon the bond.

After the filing of the amended and additional paragraphs of complaint, based upon and setting out a copy of the bond, the appellant pleaded in answer the five years' statute of limitations, alleging that the causes of actions stated in each of the paragraphs of the complaint did not, nor did either of them, accrue within five years from the date of the filing of such amended and additional paragraphs. The court sustained a demurrer to the paragraphs of answer which pleaded the five years' statute of limitations, or what was the same in effect. The Tippecanoe Circuit Court overruled a demurrer to these paragraphs of answer, and afterwards the White Circuit Court carried back a demurrer to the reply to the paragraphs, and sustained it to each of such paragraphs of answer. The question presented is as to whether or not the action is barred in five years from the time of the filing of the amended paragraphs of complaint based upon the bond.

We think there is no doubt as to the correctness of the ruling of the trial court in sustaining the demurrers to these paragraphs of answer.

The causes of action upon which both the original and amended paragraphs of complaint were based were the same. The object of the suit was to recover the money converted and used by the trustee. The original complaint was filed for that purpose. The amended paragraphs of complaint were for the same purpose. The change in the complaint was to add a copy of the bond, and make formal allegations declaring upon it. The fact that some additional advantages might be gained in the remedy by a recovery upon the bond

does not change the cause of action.   There is but little, if any, difference in this respect in the case at bar and a case for the recovery of money on contract, when in the original complaint there were no allegations that the contract was in writing, but averments as to its terms, and afterwards an amendment is made to the complaint, alleging that the contract is in writing, and setting out a copy thereof.  Certainly, in such a case it could not be seriously contended that there was a change or substitution of a new cause of action by the amendment, even though the contract contained a provision waiving valuation and appraisement laws.

This action was instituted to recover the money due the township from a defaulting trustee.   The action continued to be an action of the same character and for the same purpose and for the same defalcation, although the paragraphs of complaint were amended, and new ones filed setting out a copy, and formally declaring upon the bond given by him.   There were no new parties brought into court. The action continued against the appellant alone.   It was the violation of duty, the wrong committed by the appellant while trustee, which gave the right of action.   It was this wrong and violation of duty upon which both the original and amended paragraphs of complaint were based.

In the case of *Flournoy* v. *City of Jeffersonville*, 17 Ind. 169, it is held that the bringing of an action, though erroneous in form under a statute giving a right of action, will save the claim from being barred by the statute of limitations.

If the action was commenced before the cause of action was barred by limitation, the appellee was entitled to recover, notwithstanding the amendments afterwards made to the complaint.

The paragraphs of answer alleging that the cause of action accrued five years prior to the filing of the amended complaint were bad, and the demurrer thereto was properly sustained.

The appellant assigns as error the overruling of a motion

to require the appellee to place in different paragraphs the funds of the civil and school townships.

We think there was no error in this ruling. As trustee the relator represented both townships, and could in the same action recover the funds due both. He recovers the funds of both as trustee, and holds the same in trust for the township to which it belongs. The suit is upon the same bond for both funds. The same person by an election and qualification becomes trustee of both the civil and school townships, and he gives but the one bond. A recovery for all defalcations can be had in one action. *Strong* v. *State, ex rel.,* 75 Ind. 440.

There is a further question presented as to the ruling of the court in excluding certain evidence, it being offered to prove by the appellant testifying as a witness in his own behalf that he paid out a certain one thousand dollars borrowed for the township with which he failed to charge himself, in payment of certain orders issued and outstanding at the time he entered upon his duties as trustee. The law requires the trustee to make report of his proceedings, accompanied with proper vouchers, and make settlements with the board of commissioners. He is also required to make a a record of the same. There was no such preliminary proof offered as to make the testimony proper, even if it was proper in any event under the state of the issues.

There is no available error in the record.

Judgment affirmed, with costs.

Filed March 17, 1892; petition for a rehearing overruled May 12, 1892.