## STATE v. TOWN OF BRATTLEBORO.

\

### MAY TERM, 1896.

*As of what date date accounts of town officers may be*
*settled.   Intoxicating liquor.*

1.  Under V. S., s. 3062, requiring those authorized to receive or
    disburse town funds, to settle their accounts on or before
    the first Tuesday of March, and V. S., s. 3059, requiring
    town auditors to audit such accounts immediately before
    the annual town meeting, it is competent to settle the ac-
    count of the town liquor agency as of January 31st each
    year.
2.  No. 72, Acts 1894, providing that towns and cities shall pay
    over to the state certain profits arising from the sale of in-
    toxicating liquor by town and city agencies, does not apply
    to a fiscal year ending before the act took effect.

Action upon No. 72, Acts of 1894, for the profit derived
by the defendant from the sale of intoxicating liquor at its
agency. Plea, the general issue. Heard upon an agreed
statement of fact at the March term, 1896, Windham County,
MUNSON, J., presiding. Judgment for the plaintiff. The
defendant excepts.

*Waterman, Martin & Hitt* for the defendant.

The statute does not operate prospectively. Potter's
Dwarris, 145; *Jackson* v. *Van Zandt*, 12 Johns. 176;
*Hockley* v. *Sprague*, 10 Wend. 116.
The money belonged to the town when the act took effect.
*Harris* v. *Townshend*, 56 Vt. 716; *Starksboro* v. *Hines-*

*burgh*, 13 Vt. 215 ; 3 Am. & Eng. En. Law 757 ; *U. S.* v. *R. R. Co.*, 142 U. S. 615 ; *Edwards* v. *Darby*, 25 U. S. 206 ; *U. S.* v. *Bank*, 31 U. S. 29 ; *U. S.* v. *McDaniel*, 32 U. S. 1 ; *Brown* v. *U. S.*, 113 U. S. 568 ; *U. S.* v. *Moore*, 95 U. S. 760.

*J. C. Baker* for the plaintiff.

Statutes should be so construed as to effectuate the intent of the legislature. *Baker* v. *Jacobs*, 64 Vt. 197 ; *Adams* v. *Sleeper*, 64 Vt., 544 ; *Legg* v. *Britton*, 64 Vt. 653 ; *State* v. *Welsh*, 65 Vt. 50 ; *Perkins* v. *Cummings*, 66 Vt. 485 ; *Hine* v. *Pomeroy*, 39 Vt. 211 ; *Sturgis* v. *Hull*, 48 Vt. 307 ; *Smith* v. *Hard*, 59 Vt. 17.

It was the manifest intent that this act should apply to the town fiscal year ending with the first Tuesday in March. Tiederman, Munc. Corp. s. 4 ; 1 Dillon, Munc. Corp. ss. 28, 29, 30 ; *Montpelier* v. *East Montpelier*, 29 Vt. 18 ; *Bates* v. *Rutland*, 62 Vt. 182.

START, J.   The action is brought under No. 72, Acts of 1894, to recover the balance found in favor of the defendant at the annual settlement of the accounts of its liquor agency for the fiscal year, ending January 31, 1895.   The act was approved November 20, 1894, and took effect February 1, 1895.   It provides, that if, upon the annual settlement of the accounts of the town or city liquor agency by the auditors, there is found a balance in favor of the town or city in excess of ten per cent. of the total sales of liquor for the year, such excess shall be paid into the treasury by said town or city ; and it is made the duty of the auditors to report within fifteen days after making such settlement to the state treasurer the standing of such accounts.   The defendant's auditors have been in the habit of making their annual settlement with town officers and the liquor agency for the fiscal year, ending January 31st.

The act in question does not require a settlement of the accounts of liquor agencies for its purposes.   It only appropri-

ates to the use of the State such balances as may be found in favor of towns and cities on annual settlements provided by law.    The statute in force at the time the act took effect, V. S., s. 3062, required all persons authorized to receive or disburse money belonging to a town, to annually settle their accounts with the auditors of such town on or before the first Tuesday of March.    V. S., s. 3059, requires town auditors to examine and adjust the accounts of town officers immediately before each annual town meeting and report such accounts at such meeting.

These sections must be construed together and effect given to the word "immediately," as used in section 3059.    For this purpose, it is not necessary that the settlement be made instantly before the meeting.    It is sufficient if made within such reasonable time before the annual meeting as will enable the auditors to perform their duties in the examination of the accounts and vouchers of the town officers, and to prepare and have printed itemized reports for the use of the voters at such meeting.    This holding does not permit the officers to fix an arbitrary date for the end of the fiscal year, but it must end within a reasonable time before the annual meeting.    Considering the duties required by law of the defendant's auditors, and the number and extent of the accounts they would naturally have to adjust and report upon, we think the time taken by them, as showed by the agreed case, was a reasonable time within the meaning of the statute, in which to adjust the accounts and prepare and have printed their report.    It is not necessary that the accounts should be adjusted and reported to the day of the annual town meeting.    We, therefore, hold that the settlement of the accounts of the liquor agency for the fiscal year, ending January 31, 1895, and the ascertaining of the balance then in its favor, was a reasonable compliance with the requirements of the statute.

In determining whether this balance can be recovered, it becomes important to inquire whether the legislature intend-

ed by the enactment to require a town to pay to the state treasurer any balance that might be found in its favor, on settlement of the accounts of its liquor agency for the fiscal year that ended before the act took effect. If the legislature did thus intend, it intended the act to have retrospective force. The act does not, in terms, express such an intention and, if it has such force, it is by necessary inference. It is a rule of construction that an enactment shall be so construed as to operate prospectively only, unless the intention to give it retrospective force is clearly expressed in the act, or to be inferred by necessary implication from the words of the act, taken by themselves, and in connection with the subject-matter and the occasion of the enactment. There is nothing in the language of the act to indicate that it was to have retrospective force. On the contrary the language would indicate that it was to have prospective force only. It provides, that, if, upon the annual settlement, there is a balance, it shall be paid to the state treasurer. There is nothing in the subject-matter, or the occasion of its passage, to indicate that retrospective force was intended or necessary. The act deals with profits arising from sales of intoxicating liquor, and relates more properly to future balances in favor of towns, which would naturally be on hand when annual settlements were made, ready to be paid to the state treasurer. Profits that accrued during a fiscal year which ended before the act took effect, would ordinarily be expended for town purposes, and not available for the purposes of the act, if it has retrospective force. The purpose of the act was not to raise revenue for state expenses. The entire history of legislation upon the subject of intoxicating liquor rebuts such an inference. It has been the policy of the State to restrict the sale of intoxicating liquor to medicinal, chemical and mechanical purposes only, without profit. The purpose of the act was not to tax towns or impose a penalty because of profits that have been determined and possibly expended before the act took effect, but to prevent the

sale of intoxicating liquor for purposes other than those authorized by law, by removing the pecuniary motive to increase sales.    The statute in force at the time the act was passed, made it the duty of the selectmen to fix the price of intoxicating liquor sold by town liquor agents, as nearly as possible at its actual cost price to the town, including the expense of sale thereof; but, for a neglect of this duty, the statute then in force did not provide a remedy; and it is clear that one of the purposes of the act in question was to secure a better enforcement of this statute.    For this purpose, retrospective force to the act could have no effect except by way of punishment.

It is clear that the legislature did not intend to impose a penalty upon towns for past neglect of duty by its officers. By giving the act prospective force only, its object and purpose is effectuated.    We, therefore, hold that the legislature did not intend, by the enactment in question, that towns should pay to the state treasurer balances found in their favor on settlement of their liquor agencies for fiscal years that had ended at the time the act took effect.

*Judgment reversed, and judgment for the defendant, without costs.*

Taft, J., being engaged in county court, did not sit.