TOWN OF BROOKFIELD v. CHARLES O. BIGELOW, ET AL.

May Term, 1907.

Present:   ROWELL, C. J., MUNSON, and WATSON, JJ., and TAYLOR,
Superior J.

Opinion filed January 16, 1908.

*Equity—Trust Funds—Accounting—Burden of Proof—Taxes—
Collection by Treasurer—Treasurer's Duties and Responsi-
bility—V. S. 480-486.*

In a suit in chancery by a town for an accounting and for the re-
covery of trust funds alleged to be held by defendant as its treas-
urer, the burden of establishing the amount for which defendant
should account is on the orator, and the burden of accounting
therefor is on defendant.

Where a municipality collects its taxes through its treasurer, under
V. S. 480-486, such treasurer, in the absence of any breach of duty
on his part, is chargeable only with money he has actually re-
ceived.

Under that system of collecting taxes, payments of taxes to the treas-
urer are voluntary, and he receives such payments merely as he
receives money of the town from any other source.

After such treasurer delivers the delinquent tax bills to the collector,
the whole responsibility of collecting rests on the latter; and the
only duty in the premises thereafter devolving on the treasurer is
to receive and account for any money paid him by the collector.

APPEAL IN CHANCERY, Orange County.   Heard at Cham-
bers, September 26, 1906, on the pleadings and master's report,
*Tyler,* Chancellor.   Decree, that the bill be dismissed with costs
to the defendants.   The orator appealed.   The opinion fully
states the case.

*John W. Gordon* and *W. B. C. Stickney* for the orator.

The treasurer should account for all taxes collected by the collector, and show abatements or some other disposition of the delinquent taxes. *State* v. *Powell*, 40 La. Ann. 234; *Police Jury* v. *Brookshier*, 31 La. Ann. 736; *State* v. *Guilbeau*, 37 La. Ann. 718; *Vermillion* v. *Comeau*, 10 La. Ann. 695; *Scarborough* v. *Stevens*, 3 Rob. (La.) 147; *Fake* v. *Whipple*, 39 N. Y. 394; *State* v. *Lott*, 69 Ala. 147; *Timberlake* v. *Brewer*, 59 Ala. 108.

Analogous to the above cases are the cases holding that when the collector is sued for failure to account, it is no defence that the moneys have been stolen from him without fault or negligence on his part. Cooley, Taxation, 711; *U. S.* v. *Prescott*, 3 How. 578; *U. S.* v. *Morgan*, 11 How. 154; *U. S.* v. *Dashil*, 4 Wall. 182; *Morbeck* v. *State*, 28 Ind. 86; *Mazzy* v. *Shattuck*, 1 Denio 233.

The annual statement of the auditors has no effect on this case. *State* v. *Bates*, 36 Vt. 387-398; Cooley, Taxation, 716. Nor did such settlement with the auditors have the effect to start the running of the Statute of Limitation. *Kimball* v. *Ives*, 17 Vt. 430; *Bigelow* v. *Catlin*, 50 Vt. 408; *Drake* v. *Wild*, 65 Vt. 611; *Everts* v. *Nason's Est.*, 11 Vt. 122; *Paine* v. *Hathaway*, 3 Vt. 212; *Sparhawk et al.* v. *Buel, Admr.*, 9 Vt. 41; *State Treas.* v. *Weeks*, 4 Vt. 220; *Miles* v. *Thorn*, 99 Am. Dec. 385.

"As a general rule doubtless the length of time is no bar to clearly establish expressed trusts which are not within the Statute of Limitations because the possession of the trustee is presumed to be the possession of his *cestui que* trust." *Speidell et al.* v. *Henrici*, 120 U. S. 377; *Hovenden* v. *Lord Arnesley*, 2 Sch. & Lef. 307; *Kane* v. *Bloodgood*, 11 Am. Dec. 430; *Prevost* v. *Gratz*, 6 Wheat. 481; *Lewis* v. *Hawkins*, 90 U. S. 119; *R. R. Co.* v. *Durant*, 95 U. S. 576.

*Harvey, Harvey* and *Harvey*, and *Darling & Darling* for the defendants.

The orator cannot rely on the presumption that the selectmen made and delivered correct tax bills. The presumption that an officer has done his duty cannot be invoked for the purpose of putting another officer in default, as the presumption of the performance of official duty applies equally in favor of

each. *Weimer* v. *Bunbury*, 30 Mich. 201; *Supervisors* v. *Rees,* 34 Mich. 481.

In the absence of fraud or mistake, the auditor's report adopted by the town is final and conclusive. 27 Am. & Eng. Enc. 804.

It is no ground for relief in equity that these claims are barred by the statute law. *Burton* v. *Wiley*, 26 Vt. 430; *Fletcher* v. *Warren*, 18 Vt. 45; *Smith* v. *Wood*, 42 N. J. Eq. 563; *Price* v. *Mulford*, 107 N. Y. 309; *Carr* v. *Thompson*, 87 N. Y. 160; *Pierson* v. *McCurdy*, 33 Hun. 534; *Hughes* v. *Brown*, (Tenn.) 8 L. R. A. 480; *Hichl* v. *Slaney*, 72 Cal. 363; *Matthews* v. *Simmons*, 49 Ark. 468; *Newcome* v. *Bart. County*, 103 Ind. 526; *Rush Co.* v. *Slate*, 103 Ind. 497; *Butler* v. *Johnson*, 111 N. Y. 204; *Bickford* v. *Wade*, 17 Vesey Jr. 98; *Hickmond* v. *Gaither*, 2 Yerg. 200; *Elmendorf* v. *Taylor*, 23 U. S. 10; *Smith* v. *Clay*, 3 Bro. Ch. 640; *Callord* v. *Tuttle*, 4 Vt. 491; *Thorp* v. *Thorp*, 15 Vt. 105; *Spear* v. *Newell*, 13 Vt. 288; *Wells* v. *Morse*, 11 Vt. 9.

TAYLOR, Superior Judge. The orator brings its bill of complaint for an accounting and the recovery of trust funds alleged to be held by the defendant Bigelow as treasurer of the orator. The defendant Bigelow held the office of treasurer by successive elections from 1889 to 1904 and the other defendants are sureties on his official bonds for the several years during Mr. Bigelow's term of office. The cause was heard below on the pleadings and master's report and is here on appeal from the decree of the chancellor dismissing the bill.

Of the several claims urged below only two are insisted upon in argument.

It is contended that defendant Bigelow should be decreed to account for certain taxes claimed to have been placed in his hands as treasurer for collection in the years 1893, 1894, 1895 and 1896, aggregating $683.35. As his liability to account therefor depends in each case upon the same rule of law, we can treat this claim in the aggregate.

It appears from the master's report that during the time Mr. Bigelow was treasurer the taxes in the town of Brookfield were collected by the treasurer. While the master does not find the fact in terms, it is fairly inferable from his report that the method of collecting taxes during the years in question was that

provided for in sections 480 to 486 of the Vermont Statutes, (P. S. 619-624), relating to the collection of taxes by the treasurer. The orator claims that defendant Bigelow is chargeable to the above named amount in excess of the taxes for which he has accounted in the years in question, and arrives at this item by charging the treasurer with the amount derived each year by multiplying the grand list of that year by the rate per cent. voted and crediting him with the amount accounted for by him. It claims that these sums should have been received by the treasurer and accounted for in his settlement with the town.

There appears to be a discrepancy or shortage when the account is stated in this manner. The master reports that he is at a loss to understand how this apparent discrepancy can be explained. The original rate bills for the years in question are not in existence, having been destroyed by Mr. Bigelow. It appears that about once in three years during his term of office as treasurer Mr. Bigelow destroyed the cancelled orders, the stub order books of the selectmen and the rate bills for the collection of taxes, after they had been examined by the auditors of the town, under the belief that he had a right to do so and with no thought of anything wrong in so doing. The auditors annually in the month of February audited the accounts of the treasurer. At such audits they had the grand list books, the various tax-rate bills, the treasurer's books and his vouchers for disbursements. The master finds that the auditors carefully examined and verified the treasurer's accounts each year and prepared a report, including a statement of the treasurer's accounts, which was printed and distributed among the voters of the town prior to the annual meeting, which report was, by vote, accepted by the town and spread upon the records.

The master further reports that there was no evidence before him as to the exact amount of the rate bills committed to the treasurer for collection by the selectmen, and no evidence as to the amount of taxes actually collected, except the amounts conceded by him as having been received; and finds, if as a matter of law, the treasurer can in this proceeding be charged with the full amount of the taxes for the years in question, as claimed by the orator, without evidence to show that he has actually collected the same, that it is entitled to recover for each of the respective fiscal years sums aggregating the sum of $683.35,

together with such interest as the court may allow; but, if to warrant recovery in this action the orator must show that the taxes it claims to recover were actually received by the defendant Bigelow, it has failed so to show, and is not entitled to recover the same or any part thereof.

The orator contends that in this proceeding the burden of accounting is upon the defendant and that he should account for the full amount of the rate bills committed to him for collection. The burden of accounting for the moneys shown to be in his hands as treasurer is upon the defendant. The burden of establishing the amount to be accounted for is upon the orator. The master in effect finds that the amount of the tax bills for the years in question placed in the defendant's hands for collection was as claimed by the orator, but fails to find that the taxes it claims to recover were actually received by the defendant. The allegations of the bill do not raise the question of the orator's right to recover on account of the defendant's breach of duty in not collecting the taxes in dispute. The question then presented is, must the defendant Bigelow account for the amount of the tax bills committed to him for collection as treasurer in excess of the moneys actually received by him? or, in other words, does the law require the treasurer of a town in whose hands a tax bill is placed for collection under our statute to account for the full amount thereof?

We hold that such is not his duty under our statute. The statute provides what the treasurer shall do, but does not make him chargeable with anything in excess of the sums actually received by him, certainly in the absence of any shortage of duty on his part. When a town votes to collect its taxes by the treasurer the selectmen are required to make the tax bill and deliver it to him. Thereupon the treasurer is required to give notice in the manner prescribed in the statute calling upon the tax payers to pay their respective taxes within ninety days from the date of such notice. On taxes so paid a discount of four per cent. is allowed to the taxpayer. At the expiration of such ninety days the treasurer is required to make out and deliver to the collector a rate bill of the delinquent taxes with his warrant against the delinquent taxpayers. Thereafter the responsibility of collecting such taxes rests upon the collector and the only duty devolving upon the treasurer is to receive and account for

moneys paid over to him by the collector. If the collector defaults, or if taxes are permitted by the collector to outlaw, or if the town suffers in any other manner through the negligence of the collector, the treasurer is not liable to the town. Under this system, payments to the treasurer are voluntary. He has no authority to enforce collection except in case of absconding taxpayers. He receives what money the taxpayers choose to pay to him the same as he receives moneys of the town coming from any other source. He is held to account for all moneys in his hands as treasurer, but uncollected taxes cannot be treated as money in his hands, in the absence of a statute making him thus chargeable.

The cases cited by the orator in support of its contention are all cases in which a collector of taxes was a party and most, if not all, arose under a statute making the collector chargeable with the full amount of the tax bill placed in his hands for collection, subject to such abatements and allowances as the law gives him; so they are not authority in this case.

The court below properly disallowed the orator's claim for taxes.

The remaining question is one of costs. The court below awarded costs to the defendant. Costs in chancery are largely in the discretion of that court, dependent upon the circumstances of each case. This Court rarely disturbs a decree in chancery on the question of costs alone. It is done only in exceptional cases, and no sufficient reason appears in this case to make it exceptional.

*Decree affirmed and cause remanded.*