TOWN OF ST. GEORGE v. H. H. TILLEY.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, JJ., and
MILES, Superior J.

Opinion filed February 6, 1914.

*Review—Exceptions to Findings—When Required to be Filed—
Towns—Action against Treasurer—Burden of Accounting
—Town Auditors—Treasurer's Accounts—Town Meeting—
Accepting and Adopting Treasurer's Report.*

In order to reserve for review the question of the sufficiency of the evidence to support the findings of the trial court, exceptions to those findings must be filed before judgment is rendered thereon.

In assumpsit by a town against its treasurer for funds received by him as such treasurer, he has the burden of accounting for all funds shown into his hands in that capacity.

Action of only one of the three auditors of a town in auditing accounts of town officers, under P. S. 3509, has no official significance, as concurrence of at least a majority of them is required by P. S. 3.

Where, at an annual town meeting there was no printed report of the accounts of the town officers, but the town treasurer, as his report to the town, read in detail from the treasurer's book his account as such treasurer, on which no official action had been taken by the auditors, a vote of the town meeting thereupon carried "to accept and adopt the report" of the town treasurer did not bind the town as a ratification or settlement, the report not being in accordance with material facts within the knowledge of the treasurer, but of which the voters were ignorant.

GENERAL ASSUMPSIT.    Pleas, the general issue and payment. Trial by court at the September Term, 1912, Chittenden County, *Taylor*, J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*C. S. Palmer* for the defendant.

The vote of the town "to accept and adopt the report" of the town treasurer amounted to a ratification and settlement. 1 Dillon, Mun. Corp. 4th Ed., §277; *Town of Bloomfield* v. *Charter Oak Bank,* 121 U. S. 121; *State* v. *Brattleboro,* 68 Vt. 520; *Gardner* v. *Rogers,* 11 Vt. 334; *Seymore* v. *Marlboro,* 40 Vt. 171; *Cox* v. *Mt. Tabor,* 41 Vt. 28.

*V. A. Bullard* for the plaintiff.

WATSON, J. This case was heard by the court at the September term, 1912, and entered "with court." After the final adjournment of the term and in vacation on March 7, 1913, the findings of fact were filed. Thereupon the defendant filed his motion for judgment, which motion was overruled and exception saved. The court then, on said March 7, entered judgment on the facts found for the plaintiff to recover the sum of three hundred sixty-nine and seven-one hundredths dollars and its costs, to which judgment the defendant was allowed an exception. Thirteen days later the defendant filed in the case a paper entitled "Exceptions to the Court's Findings of Fact," and the same is made a part of the bill of exceptions. If thereby the exceptions present for review the sufficiency of the evidence to support the findings, then the transcript of the testimony and all exhibits are referred to on that question and made to control. In order to present such a question, however, it was essential that exceptions to the findings be filed before judgment was rendered thereon. This not being done, the only questions before us are those presented by the exception to the judgment.

The defendant was treasurer of the plaintiff town by appointment from December 1, 1904, to March, 1905, and by successive elections from the latter date to March, 1908. This action is brought to recover a balance of funds unaccounted for, which the plaintiff claims were received by him as such treasurer. On the trial the plaintiff, crediting the defendant with all disbursements disclosed by the records of the town, claimed that the burden was upon him to account for all funds shown into his hands as treasurer, and the defendant says it is apparent from the facts found that the burden was so treated by the court. Presumably the court did so treat it, the contrary not appearing, for such is the requirement of the law. *Town of Brookfield* v. *Bigelow,* 80 Vt. 428, 68 Atl. 656.

It is found that the defendant has in his hands unaccounted for a balance of $283.90 as of March 1, 1908, unless the town is bound by the acceptance of the report read before its annual March meeting of 1907, showing a balance of cash then in the treasury "of $49.68, in which event there should be deducted from this sum of $283.90 the difference of $200.92 between the balance of cash in the treasury on that date," as found by the court, "and the balance on hand as read to the town from the treasurer's account."

The record shows that the town auditors did not audit the defendant's accounts, except that just before the annual meeting of 1908 one of the auditors looked over the account for that year to see if it was correctly footed but did not check it up with the vouchers and paid orders. By statute (P. S. 3426) a town shall elect three auditors, and by section 3509 it is made their duty immediately before each annual town meeting to examine and adjust the accounts of the treasurer and all other town officers, and report such accounts, with the items thereof and the state of the town treasury, to the town at such meeting. *Davenport* v. *Town of Johnson,* 49 Vt. 403; *Prescott* v. *Town of Vershire,* 63 Vt. 517, 22 Atl. 655; *State* v. *Brattleboro,* 68 Vt. 520, 35 Atl. 472. But a concurrence of a majority, at least, of the auditors is required in the exercise of such duties. P. S. 3. The action of one, as in the case at bar, is without official significance. The court finds, however, that while the defendant was treasurer there was no printed report of the accounts of the town officers; but that at each annual town meeting he read from the treasurer's book his account as treasurer in detail, as a report to the town, and that in each instance after the account was read the meeting voted to accept and adopt the report. It is urged that such action by the legal voters was a complete settlement between the parties and binding upon the town. Yet it appears from the findings that at the date of the annual meeting of the town in March, 1907, instead of there being a balance of $49.68 in the treasury as reported by the defendant to the town, there was in fact $250.60. His report so made not being in accordance with all the material facts within his knowledge, but not within the knowledge of the legal voters, the vote "to accept and adopt the report" did not bind the town as a ratification or settlement (*Barton & Co.* v. *Pittsford,* 44 Vt. 371; *Bloomfield* v. *Charter Oak Nat. Bank,* 121 U. S. 121, 30 L. ed. 923, 7 Sup. Ct.

865), and the town clearly has the right to recover the balance of the money found to have come into his hands as treasurer and unaccounted for.  *Inhabitants of Adams* v. *Farnsworth*, 15 Gray 423; *Boardman* v. *Flagg*, 70 Mich. 372, 38 N. W. 284; *Ross* v. *State*, 131 Ind. 548, 30 N. E. 702.

*Judgment affirmed.*