INTERNATIONAL PRODUCTS CO. *v.* KATHERINE MARSTERS, ET AL.

November Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 20, 1922.

*Motion to Dismiss Exceptions—When Motion Will Be Heard— Effect of Trial Court Treating Exceptions as Seasonably Filed.*

1. A motion to dismiss plaintiff's exceptions to the findings made by the trial court and to its failure to find as requested, for the reason that no exceptions were noted and filed after the findings were filed and before judgment was entered, will be heard only in connection with the main question for review, except in extraordinary circumstances; but, when there are 13 exceptions to the findings made, and upwards of 30 exceptions to the failure of the court to find as requested, and it appears that to brief such exceptions so that the questions involved may be properly presented to the Supreme Court will require a large amount of time and the expenditure of a considerable sum of money, which will go for naught if the exceptions are eventually dismissed, the ordinary practice will be departed from and the motion entertained first.

2. When the trial court treats exceptions as seasonably taken and certifies them to the Supreme Court, no statute being violated thereby, the Supreme Court will not inquire into the action of the trial court.

MOTION TO DISMISS PLAINTIFF'S EXCEPTIONS made at the November Term, 1922, of the Supreme Court, Caledonia County. The opinion states the case. *Denied.*

*Fred E. Gleason* for the plaintiff.

*Lawrence, Lawrence & Stafford* for the defendants.

PER CURIAM. The questions for consideration are raised by defendants' motion to dismiss plaintiff's exceptions to the find-

ings made by the trial court and to the failure of that court to find as requested, for the reason that no exceptions were noted or filed after the findings were filed and before the judgment was entered.

The first question is whether the motion shall be entertained.

[1]  Questions of the nature presented by this motion will be heard only in connection with the main question for review, except in extraordinary circumstances.  Indeed we recall no instance where this Court has departed from that rule.

In this case, however, it appears that the plaintiff saved thirteen exceptions to the findings made and upwards of thirty exceptions to the failure of the court to find as requested, and it appears from the undisputed statement of defendants' counsel that to brief these exceptions so that the questions involved may be properly presented to this Court, will require a large amount of time and the expenditure of a considerable sum of money all of which will, of course, go for naught if these exceptions are eventually dismissed.  In view of this situation we are inclined to entertain the motion, and dispose of the question thereby raised.  It must be understood, however, that we fully indorse the practice above stated and that it will be departed from only in exceptional cases.

[2]  No question is made but that the plaintiff's amended bill of exceptions was seasonably filed. The presiding judge stated therein, "the defendant" (manifestly meaning the plaintiff) "also excepted to the failure of the court to find certain facts as requested by the plaintiff; and to the findings of fact as made by the court against the objection of the plaintiff.  *  *  *  The plaintiff excepted to the failure of the court to find facts as requested in each of plaintiff's original requests to find, respectively numbered in said original requests "2, 4, 7," etc., giving in detail the requests which the court had failed to comply with, to the failure of which the plaintiff had excepted.  Later, in the bill of exceptions, the presiding judge states, "The plaintiff further excepted to the findings of the court as made, in the particulars and at the points specified thereof as follows," giving in detail the findings excepted to.  And in next to the last paragraph in the bill, it is stated, "Said transcript and exhibits, with the tentative and final findings of fact made and filed by the court, the plaintiff's original and supplemental requests for find-

ings, and objections to findings as made, filed in said cause, are hereby referred to and made a part of these exceptions for all purposes and are to control as to all objections and exceptions to the failure of the court to find facts as requested and to the findings of facts as made. Said tentative findings, final findings, original and supplemental requests for findings and objections to findings shall be printed along with these exceptions for use in Supreme Court.''

It is manifest from the foregoing that the court below treated the plaintiff's exceptions to its findings and to its failure to find as seasonably filed, which was not the situation in *Town of St. George* v. *Tilley*, 87 Vt. 427, 89 Atl. 427, relied upon by defendants in support of this motion.

It appears from the bill of exceptions in that case that the findings of fact were filed March 7, 1913, that on the same day the defendant filed a motion for judgment in his favor which was overruled, and that, thereupon, judgment was entered for plaintiff, that the defendant's exceptions to the findings were filed March 20, 1913, and that the effect of the exceptions so filed was left to the determination of this Court. In the circumstances, it was properly held, that the exceptions were not seasonably filed, because the trial court, unless it sees fit to treat the matter otherwise, should be appraised of the exceptions to its findings, or to its failure to find before it renders judgment. But where that court treats exceptions as seasonably taken, and certifies them to this Court, as was done in this case, no statute being thereby violated we will not inquire into the action of that court.

This case is unlike the Tilley case in another particular. In this case the plaintiff had no opportunity to file exceptions to the findings before judgment was entered, the findings and judgment order being filed at the same time, in vacation and without notice to the parties, a situation that may well have induced the trial court to treat the plaintiff's exceptions as seasonably filed, while in the Tilley case, as we have already seen, the defendant had ample opportunity to file exceptions to the findings after the findings were filed and before judgment was rendered.

*For the reason stated the motion is denied.*