EVERETT M. HUNT *v.* EVERETT J. HILL.

May Term, 1928.

Present: WATSON, C. J., POWERS, MOULTON, and CHASE, JJ., and THOMPSON, Supr. J.

Opinion filed October 3, 1928.

*Pierce & Miles* for the defendant.

*Walter H. Cleary* for the plaintiff.

CHASE, J. ■ The defendant is the sheriff of Orleans County. After the case was heard by court, findings of fact were filed, and judgment was entered for the plaintiff. The case is here on the defendant's bill of exceptions, which states that he was allowed exceptions to the findings, and these exceptions have been briefed. The plaintiff has moved to dismiss them because they were not allowed before judgment was rendered, and cites the case of *Town of St. George* v. *Tilley*, 87 Vt. 427, 89 Atl. 474. This case is controlling, and here, as there, "the only questions before us are those presented by the exception to the judgment."

The findings show that in 1924 the plaintiff sold one Schoolcraft an automobile on a conditional sale contract. In the fall of that year the plaintiff saw Smith, a deputy of the defendant, and told him that he had a lien note on a car he had sold Schoolcraft; that he didn't then have the note with him; and that he wanted to let Smith have the note to hold until he received further instructions from the plaintiff. The note was later left at Smith's house and until about the 15th of June, 1925, nothing more was done about it. Smith then told the plaintiff that he had received a writ from another person against Schoolcraft and was to attach the car. Thereupon the plaintiff told Smith to take the car on the note instead, and he promised to do so. The findings further show that on June 17 following, Smith and Lucier, another deputy of the defendant, were together in North Troy, where Schoolcraft lived. Smith did nothing about the car, but Lucier, who then had the note, saw Schoolcraft and received from him the money due the plaintiff. He then delivered the note to Mrs. Schoolcraft. The findings also show that Smith did not know what Lucier did;

that the plaintiff did not authorize Lucier to act in any way in connection with the note or direct Smith to have him do anything about it; that neither Lucier nor anyone else has ever paid the plaintiff the money Lucier received; and that Smith carelessly and negligently allowed the note to go out of his possession, with the result that the plaintiff lost it and the amount due thereon.

This suit is based on section 3857 G. L. which provides in part that:

> "Actions for official misfeasance or neglect of a deputy sheriff, or for cause affecting his administration of office, shall be sustained only against the sheriff."

That Smith was derelict in his duty to the plaintiff cannot be gainsaid, but the liability of the defendant must rest on a broader foundation than that. It must be shown that Smith failed to perform his duty as a deputy of the defendant while acting, or undertaking to act, in his official capacity. The defendant surely is not liable otherwise, and the plaintiff must seek redress, if at all, from Smith or Lucier or both as individuals.

While formerly the statute required that to enforce the lien on property sold under a conditional sale contract the property must be both taken and sold by an officer, now the action of an officer is required only in the sale of it. G. L., Sec. 2833. The plaintiff never directed Smith to sell the car, and there is no allegation in the declaration that he was to take it for the purpose of selling it. If Smith had faithfully done all that the plaintiff instructed him to do, he would have done nothing which the law required to be done by an officer. Whatever power he had to take the car on the note came to him by virtue of his employment by the plaintiff to act in so doing in the right of the plaintiff as the owner of the lien note, and not at all by virtue of his official capacity as a deputy of the defendant. As is said in *Knowlton* v. *Bartlett*, 1 Pick. (18 Mass.) 271, "Where the duty of the deputy results from a contract, there the sheriff is not answerable." In *Wetherby* v. *Foster*, 5 Vt. 136, the same thing appears in substance: "A deputy can make no contract that will render the sheriff liable for the breach of it." And in *Tomlinson* v. *Wheeler*, 1 Aikens, 194, it is held that: "The liability of the sheriff for his deputy is

that which the law imposes, and is for the neglect of duties which the law requires, not for the breach of promises which the deputy makes." See also, *Flanagan* v. *Hoyt*, 36 Vt. 565, 86 A. D. 675, and *Cowdery* v. *Smith*, 50 Vt. 235.

In so far as Lucier is concerned, what we have said regarding Smith applies with equal force on the question of whether he was acting in any official capacity as a deputy of the defendant. It might well be pointed out that the case fails to show that he had any authority to act at all. To say the least, he was a meddler in the plaintiff's business, who received and kept the plaintiff's money.

*Judgment reversed, and judgment for the defendant to recover his costs.*