

XXXXXXXXXXX
XXXXXXXXXX
XXXXXXXXXXX
XXXXXXXXXXX

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS

Gerald C. Mann
Attorney General

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Attention: Mr. W. Pat Camp, Assistant

Dear Sir:

Opinion No. O-4385
Re Liability of Tax Assessor-
Collector for failure to col-
lect poll taxes under certain
conditions.

That portion of your letter of December 13, 1941,
requesting the opinion of this department and material to
your request, reads as follows:

"During the month of October of this year,
the Tax Collector's deputies collected taxes
from various tax payers in this County, but
failed to collect the poll tax assessed of
$1.50 to the State and $.25 to the County. In
each instance, the individuals had assessed,
in addition to their home or other real property,
personal property and in each instance the pro-
perty was community. The Tax Collector's depu-
ties accepted the taxes rendered for both real
and personal property, but neglected to collect
for the poll tax.

". . .

"Will you please advise us if in your opin-
ion the Tax Collector should have collected the
poll taxes involved, and if he has failed to do
so, whether he is liable to the County and the
State for the amount thereof?

". . ."

Article 2959, Revised Civil Statutes, provides:

"A poll tax shall be collected from every person between the ages of 21 and 60 years who reside in this State on the 1st day of January, preceding its levy, . . . It shall be paid any time between the 1st day of October and the 1st day of February following; and the person when he pays it, shall be entitled to his poll tax receipt, even if his other taxes are unpaid."

Article 7046, Revised Civil Statutes, provides:

"There shall be levied and collected from every person between the ages of 21 and 60 years, residents within this State on the 1st day of January of each year, . . . An annual tax of $1.50 . . . Said tax shall be collected and accounted for by the tax collector each year and appropriated as herein required. No county shall levy more than $.25 poll tax for county purposes. . . . ."

The poll tax mentioned above is a tax on the person as against a tax on his property, and no lien attaches by mere force of the statutory levy of the tax to any of the property of the person, real or personal, for the payment of same.

The poll taxes levied, which were not collected, according to your statement, during the month of October, were those levied on January 1, 1941. The law provides that such poll taxes shall be paid any time between the 1st day of October (1941) and the 1st day of February (1942). Thus, the poll taxes in question do not become delinquent until the 1st day of February, 1942.

In our opinion O-1540 rendered to Honorable B. M. Whiteacre, County Auditor, Grayson County, Texas, approved March 23, 1940, we held that the sureties on the Tax Assessor-Collector's bond were not liable where the Assessor-Collector does not use due diligence in the collection of delinquent taxes. The term delinquent taxes necessarily includes delinquent poll taxes. A copy of said opinion is attached for your information.

The question we are presented with in your request however, concerns the failure by the Assessor-Collector, through his deputies, to use due diligence in collecting the poll taxes prior to their becoming delinquent. While the duty is imposed upon the official to collect such poll taxes from the persons liable, the statute does not require such collection at any specific time but on the other hand, accords to the persons liable for the payment of the poll tax, the privilege of paying without penalty, any time during the period from October 1st following the levy to the 1st day of February of the succeeding year before said tax becomes delinquent.

Article 7272 provides that all real and personal property held or owned by any person in this State shall be liable for all State and county taxes due by the owner thereof, including tax on real estate, personal property and poll tax.

Other provisions of the statutes, authorize the Assessor-Collector of taxes to seize and sell personalty for the payment of delinquent taxes charged against the owner. As to persons insolvent or delinquent, as shown on the official delinquent or insolvent rolls, the officer is required to make affidavit that he has fully complied with and exhausted all resources to collect such taxes as authorized and required by certain statutes named, including Article 7272, Vernon's Annotated Statutes. According to Articles 7260 and 7263, Vernon's Annotated Civil Statutes, the allowance of this list does not absolve the tax Assessor-Collector from continuing to use due diligence to collect the delinquent amount shown due on the roll.

We have fully considered the case of Stuard, et ux vs. Thompson, Tax Collector, 251 S. W. 277, and also the ruling promulgated by the Comptroller of the State. As to the latter, it presumably was placed in the hands of all Tax Assessor-Collectors under date of November 2, 1938. This ruling was to the effect that the Comptroller would not approve an annual report unless the poll taxes are shown to have been paid at the time the personal property taxes are paid.

The Tax Assessor-Collector's charges or remedy for collecting both the poll tax and tax on personal property appear equally enforceable by seizure and sale. Until such right of seizure (on the taxes becoming delinquent) occurs, any such ruling as would tend to place liability for tax upon the officer or his bondsmen under the conditions stated would conflict with the provisions of the statute providing the period within which the tax Assessor-Collector is required as his duty to make the collection and within which period the tax payer is given option to pay.

Should these uncollected poll taxes appear upon the delinquent rolls without personal or other property taxes assessed against the same person also appearing, we seriously doubt that such factual showing would amount to a breach of official duty so as to make the tax Assessor-Collector liable in the absence of a showing that the State or County had sustained a loss.

The ruling promulgated by the Comptroller, as it presently exists and similar to that specifically held valid in Stuard vs. Thompson, supra, should not be construed as directed against the tax payer. To hold the tax Assessor-Collector liable for the tax through mere failure to collect would be inconsistent with the existence of an absolute liability in view of the statutory provisions for the collection of these taxes by his successor in office after the expiration of his term.

Following Stuard vs. Thompson, supra, and as the rule promulgated by the Comptroller presently exists, the regulation apparently is a reasonable and effective means of forcing payment of the poll tax levied and assessed. The penalty prescribed by the rule is to subject the annual report of the official to non-approval.

The foregoing rule does not, however, operate to make it obligatory upon the person to pay all of his property taxes at the time he pays his poll tax or pay his poll tax at the time he pays all of his personal property taxes. It is generally held that the Collector is responsible for the exercise of due diligence in the collection of taxes, and is not an insurer of the collection of all of the taxes. Town of Enfield vs. Hamilton, 152 Atl. 285; U. S. vs. Thomas, 82 U. S. (15 Wall.) 337, 21 L. Ed.89; Shanahan vs. State, 142

Md. 616, 12 Atl. 636; Howell vs. Lamberson, 149 Ark. 183, 231 S. W. 872; Town of Brookfield vs. Bigelow, 80 Vt. 428, 68 Atl. 656; Inhabitants of Colerain vs. Bell, 15 Mass. (9 Metc.) 499; Vol. 3 Cooley on Taxation (4th ed.), paragraph 1372.

It is therefore the opinion of this department that the Tax Assessor-Collector through his deputies should use due diligence in demanding payment of poll taxes at the time other property taxes are paid. The failure on the part of the Tax Assessor-Collector or his deputies to collect poll taxes on any specific occasion between October 1st and January 31st, when all or a part of the property taxes assessed are paid, does not as a matter of law render said officials liable to the county or State for said poll taxes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

/s/ WM. J. R. KING
Wm. J. R. King
Assistant

APPROVED JUN 18, 1942

/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

WJRK:mp

Copy-mw

This opinion considered and approved in Limited Conference